## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Microsoft Corporation, a Washington corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 07 CV 6118 |
| vs. | ) ) | |
| CYBER CYCLE, Inc., an Illinois corporation; RAY SHUNNARAH, an individual; and PAULINE SHUNNARAH, an individual | ) ) ) ) | |
| Defendants. | ) ) | |

## ANSWER TO COMPLAINT

Now comes Defendants, Cyber Cycle Inc., Ray Shunnarah, and Pauline Shunnarah, by and through their attorneys Fritzshall & Pawlowski, and states the following as its answers to Plaintiff Microsoft Corporation's Complaint:

1.     Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington. Microsoft develops, markets, distributes, and licenses computer software.

**ANSWER:     Admit.**

2.     Upon information and belief, Defendant Cyber Cycle, Inc. Is an Illinois corporation that does business in this District, maintaining a place of business in Chicago, Illinois. Cyber Cycle, Inc. Is engaged in the business of advertising, marketing, installing, offering, and distributing computer hardware and software, including purported Microsoft software.

**ANSWER:     Admit.**

3.     Upon information and belief; Defendant Ray Shunnarah is an individual who is an officer, shareholder, and/or director of and/or owns, operates or otherwise controls Cyber Cycle, Inc. Upon information and belief, Ray Shunnarah resides and transacts substantial business in this District. Upon information and belief, Ray Shunnarah (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint and (c) derived direct financial benefit from that wrongful conduct.

**ANSWER:     Admit Ray Shunnarah is an employee of Cyber Cycle and does business there in this District, and deny the remaining allegations in paragraph 3.**

4.     Upon information and belief, Defendant Pauline Shunnarah is an individual who is an officer, shareholder, and/or director of and/or owns, operates or otherwise controls Cyber Cycle, Inc. Upon information and belief, Pauline Shunnarah (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint and (c) derived direct financial benefit from that wrongful conduct.

**ANSWER:     Admit Pauline Shunnarah is the sole shareholder and officer of Cyber Cycle and does business there in this District, and deny the remaining allegations in paragraph 4.**

5.     This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement, and related claims pursuant to 15 U.S.C. 1121, 17 U.S.C. 501, 28 U.S.C. 1331, and 1338(a).

**ANSWER:     Admit.**

6.     This Court has supplement jurisdiction over Microsoft's claims arising under the laws of Illinois pursuant to 28 U.S.C. 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

**ANSWER:     Admit.**

7.     Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) and 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the Northern District of Illinois, (b) Defendants may be found in the Northern District of Illinois, and (c) Defendants have a sufficient connection with the Northern District of Illinois to make venue proper in this District, all as alleged in this Complaint.

**ANSWER:     Admit.**

8.     Microsoft develops, advertises, markets, distributes, and licenses and number of computer software programs. Microsoft's software programs are recorded on magnetic diskettes and/or CD-ROMs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, certificates of authenticity, and other components.

**ANSWER:     Admit.**

9.     Microsoft Office 2003 Professional: Microsoft Office Professional Edition 2003 ("Office

2003 Pro") is a suite of popular Microsoft software programs. Microsoft holds a valid copyright in Office 2003 Pro (including user's reference manuals, user's guides, and screen displays), which was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Office 2003 Pro, bearing the number TX-5-837-617, is incorporated by reference.

**ANSWER:     Admit that the various programs exist and perform the functions alleged. The allegations concerning the validity of copyrights are legal conclusions and not factual allegations, and defendants therefore deny same and require no answer.**

10.     Microsoft has duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register.

**ANSWER:     Defendants are without sufficient information to admit the allegations in paragraph 10, and therefore deny same.**

## Defendant's Infringement

11.     Defendants are engaged in the advertising, marketing, installation, offering, and distribution of computer hardware and software, including programs covered by Microsoft's registered copyright and items bearing Microsoft's registered trademarks or imitations thereof.

**ANSWER:     Admit.**

12.     Microsoft notified Defendants by a letter dated January 19, 2006, that Defendants may have distributed infringing Microsoft software by selling a computer system with an unauthorized copy of Microsoft software installed. Microsoft further provided Defendants with information about the consequences of the illegal distribution of such infringing Microsoft software.

**ANSWER:     Admit the letter was sent but deny the veracity of the allegations therein and deny the remaining allegations in paragraph 12.**

13.     Still, on or about August 4, 2006, Defendants distributed to an investigator a computer system with an infringing copy of Office 2003 Pro.

**ANSWER:     Deny.**

14.     Microsoft notified Defendants by a letter dated November 29, 2006 that it received a report that Defendants had made an unauthorized copy of Microsoft software on a

computer in violation of Microsoft's copyrights and trademarks. Microsoft asked Defendants to cease and desist from all infringing activity.

**ANSWER:    Deny.**

15.    Nevertheless, on or about September 17, 2007 Defendants distributed to an investigator computer systems with infringing copies of Office 2003 Pro.

**ANSWER:    Deny.**

16.    On information and belief, these were not isolated incidents. Rather, Defendants have been and continue to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities. On information and belief, Defendants' distributions of purported Microsoft software are the result of Defendants' advertising and marketing the availability of such materials.

**ANSWER:    Deny.**

17.    On information and belief, Defendants' wrongful conduct includes the use, advertising, marketing, offering and/or distribution of "infringing materials," specifically reproductions, counterfeits, copies or colorable imitations of the Microsoft trademarks, logos, and service mark described in this Complaint.

**ANSWER:    Deny.**

18.    On information and belief, Defendants committed and continue to commit acts of copyright and trademark infringement against Microsoft. On information and belief, Defendants' acts are willful and committed with prior notice of Microsoft's registered copyrights and marks. At minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's copyrights and registered marks.

**ANSWER:    Deny.**

19.    On information and belief, by this conduct, including their advertising activities and unauthorized use of Microsoft's marks to describe the items that they distribute, Defendants misappropriated Microsoft's advertising ideas and style of doing business and infringed Microsoft's copyrights, titles, and slogans.

**ANSWER:    Deny.**

20.    On information and belief, the injuries and damages that Microsoft has sustained have been directly and proximately caused by Defendants' wrongful misappropriation of Microsoft's advertising ideas and style of doing business and infringement of Microsoft's

copyrights, titles, and slogans.

**ANSWER:    Deny.**

<u>COUNT I</u>
[**Copyright Infringement – 17U.S.C. 501,** *et seq.*]

21.    Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 20, inclusive.

**ANSWER:    Defendants reallege and incorporate their answers to each and every allegation set forth in paragraphs 1 through 20, inclusive.**

22.    Microsoft is the sole owner of Microsoft Office 2003 Pro software, the related Office suite of software programs, and of all corresponding copyrights and Certificates of Registration.

**ANSWER:    Defendants are without sufficient information to admit the allegations in paragraph 22 and therefore deny same.**

23.    Defendants infringed the copyrights in Microsoft's software, including, but not limited to, Microsoft Office 2003 Pro, and the related Office suite of software programs, by distributing infringing materials in the United States without approval or authorization from Microsoft.

**ANSWER:    Deny.**

24.    At minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

**ANSWER:    Deny.**

25.    As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement. 17 U.S.C. 501. Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. 504(c).

**ANSWER:    Deny.**

26.    In addition, because Defendants' infringement was willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced in accordance with 17 U.S.C. 504(c)(2).

**ANSWER:    Deny.**

27.    Microsoft also is entitled to injunctive relief pursuant to 17 U.S.C. 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, continues.

**ANSWER:    Deny.**

28.    Microsoft also is entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. 505.

**ANSWER:    Deny.**

## COUNT II
### [Federal Trademark Infringement - 15 U.S.C. 1114]

29.    Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 28, inclusive.

**ANSWER:    Defendants reallege and incorporate their answers to each and every allegation set forth in paragraphs 1 through 28, inclusive.**

30.    Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including, but not limited to, 15 U.S.C. 1114(1).

**ANSWER:    Deny.**

31.    Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in the Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

**ANSWER**:    **Deny.**

32.    Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

**ANSWER:    Deny.**

33.     The infringing materials that Defendants have and continue to use, offer, advertise, market, install or distribute are likely to cause confusion, mistake or deception as to their source, origin, or authenticity.

**ANSWER:     Deny.**

34.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials, which Defendants advertise, market, install or distribute, originate with or are authorized by Microsoft to the damage and harm of Microsoft, its licensees, and the public.

**ANSWER:     Deny.**

35.     Upon information and belief, Defendants used, offered, advertised, marketed, installed or distributed infringing material with the purposes of misleading, deceiving or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's goodwill and business reputation.

**ANSWER:     Deny.**

36.     At minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

**ANSWER:     Deny.**

37.     As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement. 15 U.S.C. 1114(1). Microsoft has suffered, and will continue to suffer, substantial losses. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 15 U.S.C. 1117(a).

**ANSWER:     Deny.**

38.     In addition, because Defendants' infringement of Microsoft's trademarks and service mark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. 1117(b). In the alternative, Microsoft is entitled to statutory damages for each counterfeit mark. 15 U.S.C. 1117(c).

**ANSWER:     Deny.**

39.     Microsoft also is entitled to injunctive relief pursuant to 15 U.S.C. 1116(a). Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award;

7

(c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, continues.

**ANSWER:     Deny.**

40.     Microsoft also is entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. 1117.

**ANSWER:     Deny.**

## Count III
### [False Designation of Origin, False Description, and Representation of Microsoft Packaging – 15 U.S.C. 1125 *et seq.*]

41.     Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 40, inclusive.

**ANSWER:     Defendants reallege and incorporate their answers to each and every allegation set forth in paragraphs 1 through 40, inclusive.**

42.     Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished form the software or products of others in the same field or related fields.

**ANSWER:     Deny.**

43.     Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

**ANSWER:     Deny.**

44.     Microsoft also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software and related components.

**ANSWER:     Deny.**

45.     Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with its goods and services.

**ANSWER:   Deny.**

46.   Upon information and belief, Defendants engaged in such wrongful conduct with the willful purpose of misleading, deceiving or confusing customers and the public as to the origin and authenticity of the goods and services offered, marketed or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false description, and (c) false representation that the imitation visual images originate form or are authorized by Microsoft, all in violation of Section 43(a) of the Lanham Trademark Act, 15 U.S.C. 1125(a).

**ANSWER:   Deny.**

47.   Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

**ANSWER:   Deny.**

48.   As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, offered, advertised, marketed, installed or distributed by Defendants. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name, and visual designs are unique and valuable property that have no readily-determinable market value; (b) Defendants' advertising, marketing, installation or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting damages to Microsoft, continues.

**ANSWER:   Deny.**

## Count IV
### [Illinois Common Law Unfair Competition]

49.   Microsoft realleges and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 48, inclusive.

**ANSWER:   Defendants reallege and incorporate their answers to each and every allegation set forth in paragraphs 1 through 48, inclusive.**

50.   Defendants' acts and conduct, as alleged in this Complaint, constitute unfair competition pursuant to the common law of the State of Illinois.

**ANSWER:   Deny.**

51.     Defendants' conduct, as alleged above, damaged and will continue to damage Microsoft, and has resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

**ANSWER:    Deny.**

## Count V
### [Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act – 815 ILCS 505/1, *et seq.*]

52.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 51, inclusive.

**ANSWER:      Defendants reallege and incorporate their answers to each and every allegation set forth in paragraphs 1 through 51, inclusive.**

53.     Defendants' acts and conduct, as alleged above in this Complaint, constitute unfair competition as defined by 815 ILCS 505/1, *et seq*.

**ANSWER:    Deny.**

54.     Defendants' acts, practices and conduct, as alleged herein, constitute unfair and deceptive business practices and consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*., in that said acts and practices are likely to lead the public to conclude, incorrectly, that the infringing Microsoft software and/or components, distributed, solicited for distribution, offered, advertised, and marketed by Defendants originate with, are sponsored by, or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

**ANSWER:    Deny.**

55.     As a direct and proximate result of Defendants' acts, practices, and conduct, as alleged herein, Microsoft was and likely will continue to be substantially injured and damaged.

**ANSWER:    Deny.**

56.     Defendants' acts, practices, and conduct, as alleged herein, resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

**ANSWER:    Deny.**

## Count VI
### [Violation of the Illinois Uniform Deceptive Trade Practices Act – 815 ILCS 510/1, *et seq.*]

57.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 56, inclusive.

**ANSWER:     Defendants reallege and incorporate their answers to each and every allegation set forth in paragraphs 1 through 56, inclusive.**

58.     Defendants' acts, practices, and conduct, as alleged in this Complaint, likely will cause confusion or misunderstanding as to the source, sponsorship, approval or certification of the items Defendants distribute, and constitute unfair and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*

**ANSWER:     Deny.**

59.     Defendants' acts, practices, and conduct, as alleged above, were willful, and resulted in injury and damage to Microsoft.

**ANSWER:     Deny.**

<u>**Count VII**</u>
**[For Imposition of a Constructive Trust upon Illegal Profits]**

60.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 59, inclusive.

**ANSWER:     Defendants reallege and incorporates their answers to each and every allegation set forth in paragraphs 1 through 59, inclusive.**

61.     Defendants' conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

**ANSWER:     Deny.**

62.     By virtue of Defendants' wrongful conduct, Defendants illegally received money and profits that rightfully belong to Microsoft.

**ANSWER:     Deny.**

63.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property or personal property that can be located and traced.

**ANSWER:     Deny.**

64.    Defendants hold the money and profits they illegally received as constructive trustees for the benefit of Microsoft.

**ANSWER:    Deny.**

## Count VIII
## [Accounting]

65.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 64, inclusive.

**ANSWER:    Defendants reallege and incorporate their answers to each and every allegation set forth in paragraphs 1 through 64, inclusive.**

66.    Microsoft is entitled, pursuant to 15 U.S.C. 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

**ANSWER:    Deny.**

67.    Microsoft is entitled, pursuant to 15 U.S.C. 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

**ANSWER:    Deny.**

68.    The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material offered for distribution and distributed by Defendants.

**ANSWER:    Deny.**

## AFFIRMATIVE DEFENSES

I.    Counts I-VIII of Plaintiff's complaint fail to state a cause of action.

II.    Plaintiff's claims are barred by the First Sale Doctrine, 17 U.S.C. 109(a).

WHEREFORE, Defendant CYBER CYCLE, INC. prays that this Honorable Court dismiss each count and allegation with prejudice, and for all attorney's fees and costs incurred by Defendant.

Respectfully submitted,
CYBER CYCLE, Inc.,

_____

One of its attorneys


**FRITZSHALL & PAWLOWSKI**
**6584 N. Northwest Hwy.**
**Chicago, IL 60631**
**773-763-4400**